**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MARKEST D. THOMPSON,

        Petitioner,                                     Case Number: 18-10717
                                                                    Honorable Mark A. Goldsmith

v.

ERICK BALCARCEL,

        Respondent.
_____/

**OPINION & ORDER
GRANTING PETITIONER'S MOTION TO HOLD HABEAS PETITION IN
ABEYANCE (Dkt. 3); DENYING PETITIONER'S DUPLICATE MOTION TO HOLD
PETITIONER IN ABEYANCE (DKT. 8), AS MOOT; AND ADMINISTRATIVELY
CLOSING CASE**

Petitioner Markest D. Thompson, a Michigan state prisoner, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Dkt. 1). Thompson challenges his state-court convictions for first-degree premeditated murder, Mich. Comp. Laws § 750.316(1)(a), assault with intent to murder, Mich. Comp. Laws § 750.83, four counts of possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b(1), felon in possession of a firearm, Mich. Comp. Laws § 750.224f, carrying a firearm with unlawful intent, Mich. Comp. Laws § 750.226, and carrying a concealed weapon, Mich. Comp. Laws § 750.227. The petition raises four grounds for relief. Thompson also filed a Motion to Hold Habeas Petition in Abeyance (Dkt. 3) and a duplicate motion (Dkt. 8). He wishes to return to state court to exhaust his fourth claim for relief. For the reasons set forth, the Court will grant the motion to stay, establish conditions under which Thompson must proceed, deny the duplicate motion, and administratively close the matter.

**I. BACKGROUND**

Thompson was convicted following a jury trial in Saginaw County Circuit Court. On December 17, 2014, he was sentenced as a fourth habitual offender to life imprisonment for the first-degree murder conviction, concurrent terms of 75 to 114 years' imprisonment for assault with intent to murder, felon in possession, and carrying a firearm with unlawful intent convictions; and 5 years' imprisonment for each felony-firearm conviction and the carrying a concealed weapon conviction. Thompson filed an appeal of right in the Michigan Court of Appeals raising these claims: (i) trial court erred in admitting evidence that police found a handgun on him at the time of his arrest; (ii) ineffective assistance of counsel; (iii) prosecutorial misconduct; and (iv) insufficient evidence was presented to support a first-degree premeditated murder charge. The Michigan Court of Appeals affirmed Thompson's convictions. People v. Thompson, No. 325542, 2016 WL 1683090 (Mich. Ct. App. April 26, 2016). The Michigan Supreme Court denied Thompson's application for leave to appeal. People v. Thompson, 887 N.W.2d 198 (Mich. 2016).

On February 23, 2018, Thompson filed the instant petition. He raises the same claims raised on direct review in state court and a fourth additional claim, which appears to include several sub-claims: "new evidence, illegal search and seizure, witholding [sic] exculpatory evidence, ineffective counsel in regard to these issues, falsified police reports." Pet. at PageID.11 (Dkt. 1). He also seeks a stay in this case to allow him to exhaust this fourth, unexhausted claim in state court.

## II. DISCUSSION

A federal habeas petitioner must first exhaust all available remedies in state court. 28 U.S.C. § 2254(b). A federal court may stay a federal habeas corpus proceeding pending resolution of state post-conviction proceedings. See Rhines v. Weber, 544 U.S. 269, 276 (2005) ("District courts do ordinarily have authority to issue stays where such a stay would be a proper exercise of

discretion.") (citations omitted).  In <u>Rhines</u>, the Supreme Court held that a federal court may stay a petition for habeas corpus relief and hold further proceedings in abeyance while a petitioner exhausts unexhausted claims if outright dismissal of the petition would jeopardize the timeliness of a future petition, there is good cause for the petitioner's failure to exhaust state court remedies, the unexhausted claims are not "plainly meritless," and "there is no indication that the petitioner engaged in intentionally dilatory tactics." <u>Id.</u> at 278.

Thompson's additional claims concerning ineffective assistance of counsel, withholding exculpatory evidence, and falsified police reports raise constitutional issues upon which habeas relief <u>may</u> be granted. Beyond that, the Court cannot evaluate the merits of these claims. The claims are best first addressed and decided by the state courts, which may conduct an evidentiary hearing or otherwise allow Thompson to supplement the record in accordance with state law. The Court anticipates no prejudice to Respondent in staying the petition. Thompson also has alleged good cause for failure to exhaust his state court remedies. He alleges that these claims are based upon new evidence. Further, outright dismissal of the petition could jeopardize the timeliness of a future petition because only approximately one week remains in the applicable one-year limitations period.

Accordingly, the Court grants Petitioner's Motion to Hold Habeas Petition in Abeyance (Dkt. 3). Thompson must file a motion for relief from judgment in state court within 60 days of entry of this order. Within 60 days after the conclusion of state-court post-conviction proceedings, Thompson may move to amend his petition to fully raise the newly-exhausted claims and to reopen this proceeding. To avoid administrative difficulties, the Court orders the Clerk of Court to close this case for statistical purposes only. Nothing in this order shall be considered a disposition of

the petition.[1]

    SO ORDERED.

Dated: August 31, 2018　　　　　　　　　　　s/Mark A. Goldsmith  
    Detroit, Michigan　　　　　　　　　　　　MARK A. GOLDSMITH  
    　　　　　　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 31, 2018.

    　　　　　　　　　　　　　　　　　　　　s/Karri Sandusky  
    　　　　　　　　　　　　　　　　　　　　Case Manager

---

[1] Petitioner has also filed a second motion to hold his petition in abeyance (Dkt. 8). Because the Court has provided the relief requested in the second motion through its disposition of the first motion, the second motion is denied, as moot.