UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARKEST D. THOMPSON,

        Petitioner,          Case Number: 18-10717
                                            Honorable Mark A. Goldsmith

v.

ERICK BALCARCEL,

        Respondent.

_____/

**ORDER
(1) LIFTING STAY AND REOPENING CASE, (2) GRANTING MOTION TO ACCEPT
LATE FILING (Dkt. 14), (3) GRANTING MOTION TO SUPPLEMENT (Dkt. 15); (4)
GRANTING MOTION TO AMEND (Dkt. 16); (5) DIRECTING SERVICE, AND (6)
REQUIRING RESPONSIVE PLEADING**

On August 31, 2018, the Court stayed this habeas corpus petition filed under 28 U.S.C. § 2254 and administratively closed the proceeding (Dkt. 9). Now before the Court are Thompson's motion to accept late filing (Dkt. 14), motion to supplement habeas corpus petition (Dkt. 15), and motion to amend habeas corpus petition (Dkt. 16).

The Court stayed this proceeding to allow Thompson to exhaust claims in state court. To ensure Thompson did not delay in pursuing state court remedies, the Court imposed conditions under which he was required to proceed, including requiring him to move to amend his petition to raise the newly exhausted claims and to reopen this proceeding within 60 days after the conclusion of state-court post-conviction proceedings. Thompson has now filed a motion to supplement his habeas corpus petition (Dkt. 15). In addition to seeking to supplement his petition, Thompson seeks to reopen the proceeding. The motion, however, was filed 105 days after the Michigan Supreme Court denied his application for leave to appeal—45 days late. Recognizing this,

Thompson has filed a motion asking the Court to accept the late filing (Dkt. 14). Thompson states that restrictions imposed by the Michigan Department of Corrections to stem the spread of Covid-19 severely limited his access to the law library, and supports this assertion with a memorandum from a librarian describing the restrictions. In light of these challenges, the Court accepts the late filing. See Fed. R. Civ. P. 6(b)(1)(B) (allowing court to extend a deadline after the time has expired upon motion of the party). The Court also grants Thompson's motion to supplement his petition and orders that the proceeding be reopened.

Ordinarily, "amended pleadings supersede original pleadings." Braden v. United States, 817 F.3d 926, 930 (6th Cir. 2016). An exception is made where a party indicates an intent to supplement rather than supersede the original pleading. Id. "An amended pleading supersedes a former pleading if the amended pleading is complete in itself and does not refer to or adopt a former pleading." Id. (internal marks and citation omitted). However, pro se pleadings are held to a less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972).

Thompson characterizes his motion as a supplement to the petition. The motion restates some, but not all, of the claims raised in the original petition, so it is not "complete in itself" and, there is no indication Thompson intended to abandon any claims raised in the original petition. So the Court will allow the pleading to supplement rather than supersede the original petition, and will consider the original and supplemental petition together.

On the same date he filed the motion to supplement, Thompson also filed a motion to amend his petition (Dkt. 16). The motion focuses on two claims raised in his original petition regarding the admission of evidence: that the trial court erred (i) in admitting rap lyrics (apparently written by Thompson) and (ii) in admitting evidence that Thompson possessed a gun when he was

arrested. Mot. to Amend at PageID.145-147. Thompson states that he "has amended both of [these] issues and ask[s] this court to address the amended version for the above arguments in this motion and not the arguments presented in his habeas petition." Id. at PageID.145. The original petition raises both of these claims, and the supplemental petition does not. Compare Pet. at PageID.6-7 (Dkt. 1), with Mot. to Supplement Pet. (Dkt. 15). There is no substantive difference between the nature of these claims and supporting arguments as raised in the original petition and in the motion to amend, but the arguments are stated more concisely in the motion to amend. Because leave to amend should be "freely give[n]", Fed. R. Civ. P. 15(a)(2), and the Court sees no potential prejudice to Respondent, the Court grants the motion, and the claims raised in the motion will supersede claims I(a) and (b) in the original petition.

In sum, the Court grants Thompson's motion to excuse his late filing (Dkt. 14), his motion to supplement his habeas corpus petition (Dkt. 15), and his motion to amend the petition (Dkt. 16). The Court orders this case reopened and directs service of this order, the original petition (Dkt. 1), the supplemental petition (Dkt. 15), and the amendment to the original petition (Dkt. 16) on Respondent and the Attorney General for the State of Michigan as provided in Rule 4, Rules Governing Section 2254 Cases. The Court orders Respondent to file an answer responding to the allegations of the amended petition in accordance with Rule 5, Rules Governing Section 2254 Cases, by September 27, 2021.

SO ORDERED.

Dated: April 15, 2021                                   s/Mark A. Goldsmith
       Detroit, Michigan                                MARK A. GOLDSMITH
                                                        United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 15, 2021.

s/Karri Sandusky<br>
Case Manager